IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02232-PAB

PEGGY C. HARVEY,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

**ORDER**

This matter is before the Court on plaintiff Peggy C. Harvey's complaint [Docket No. 1], filed on August 21, 2012. Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.[1] The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On May 28, 2008, plaintiff applied for disability benefits under Title II and Title XVI of the Act. R. at 25. Plaintiff alleged that she had been disabled since April 7, 2007. *Id.* After an initial administrative denial of her claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on April 6, 2010. *Id.* At the hearing, plaintiff's counsel amended the alleged onset date of plaintiff's disability to May 1, 2007.

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

*Id.* On June 16, 2010, the ALJ issued a decision denying plaintiff's claim. *Id.* at 36.

The ALJ found that plaintiff had the following severe impairments: "Congestive Heart Failure, Substance Addiction (alcohol and drugs), and Depression." R. at 28. The ALJ found that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id.*, and ruled that plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) and additionally, is not required to stoop, crouch, crawl, or climb stairs and ramps more than occasionally; not required to climb ladders, ropes, or scaffolds; not required to work at unguarded heights or near unguarded hazardous mechanical equipment; not required to understand, remember, and carry out more than detailed instructions; and not have any exposure to temperatures or high humidity.

R. at 30. Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that the "claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." R. at 35.

The Appeals Council denied plaintiff's request for review of this denial. R. at 1. Consequently, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse

an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy

exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience."  *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

4

### C. The ALJ's Decision

Plaintiff argues that the ALJ failed to carry his burden at step five of the analysis in finding that she has transferable skills that render her able to perform jobs existing in significant numbers in the national economy. Docket No. 21 at 16-21.

In her Disability Report, plaintiff stated that she worked as a convenience store clerk for eight hours per day, five days per week, from 1995 to 1996. R. at 193. She did not provide any additional detail regarding her duties in this job. She also stated that she worked as a convenience store manager for eight hours per day, six days per week, for an unspecified period of time in 1997. R. at 193. In her Work History Report, she listed the position of "Supervisor/Cashier" at a convenience store. R. at 201. She stated that she "supervised employees, counted money, made deposits, read gas levels, [and] ordered goods." R. at 205. She also stated that she used machines, tools, or equipment; used technical knowledge or skills; and engaged in writing, completing reports, or similar tasks. *Id*. She stated that she supervised six employees as a lead worker and that she hired and fired employees. *Id*. She indicated that she was unsure how long she worked at this job. R. at 201. In her letter to the Appeals Council, plaintiff stated that she has "basic computer skills," but has "never been trained on multi-line phones or bookkeeping." R. at 233.

At the hearing, the VE testified that plaintiff's past relevant work included the job of convenience store clerk, which appears in the Dictionary of Occupational Titles ("DOT") as number 211.462-010 and has a Specific Vocational Preparation ("SVP")[2] of

---

[2]SVP indicates the "amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average

2, and the job of convenience store manager, which the VE described as number 185.167-910 in the DOT with an SVP of 7. R. at 84. An SVP of 7 requires "[o]ver 2 years up to and including 4 years." http://www.occupationalinfo.org/appendxc_1.html. There is no job entitled "convenience store manager" in the DOT and the number cited by the VE does not correspond to a listed job; however, the Commissioner suggests that the VE intended to cite the job of retail store manager, number 185.167-046, which has an SVP of seven and a reasoning level of four.[3] Docket No. 23 at 23.

The VE stated that a hypothetical person of plaintiff's age, with her educational background, RFC, and transferable skills, could perform the jobs of telephone solicitor and front desk receptionist. R. at 87-88. The VE identified the skill of "leading and influencing" others as relevant to a job as a telephone solicitor and the skills of "dealing with customer service, being able to negotiate, reason, answering phones, doing book work, any kind of bookkeeping, [and] any kind of filing" as being relevant to the job of front desk receptionist. *Id*. The VE further explained that plaintiff has "always dealt with the general public in the past and it appears even–I mean, any time you are a waitress

---

performance in a specific job-worker situation." http://www.occupationalinfo.org/appendxc_1.html. An SVP of 2 indicates "[a]nything beyond short demonstration up to and including 1 month." *Id*. Specific vocational training includes "[e]ssential experience in other jobs (serving in less responsible jobs which lead to the higher grade job or serving in other jobs which qualify)." *Id*.

[3]A reasoning level of four requires the ability to "[a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists," as well as the ability to "[i]nterpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form. (Examples of rational systems include: bookkeeping, internal combustion engines, electrical wiring systems, house building, farm management, and navigation.)" http://www.occupationalinfo.org/appendxc_1.html.

or store clerk, you know, you're dealing with customer service good and bad, you're–you always deal with complaints, you're able to deal–you know, being able to deescalate oftentimes." R. at 89.

After the VE testified, plaintiff stated that "[a]s far as customer relations, I never had that except in . . . waitressing in Minnesota. That's the only place I interacted with people." R. at 93. Plaintiff did not otherwise testify at the hearing about her work as a convenience store clerk or manager.

The ALJ found that plaintiff's impairments preclude her from performing her past relevant work, but that she acquired transferable skills as a convenience store manager, namely, "dealing with the general public, keeping records, and making decisions." R. at 35. He relied on the VE's testimony that plaintiff could perform the jobs of front desk receptionist and telephone solicitor using "transferable skills from her past relevant work of leading and influencing customer decisions." Id.

Under the Social Security regulations, a "skill" is "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn)." Social Security Ruling ("SSR") 82-41, 1982 WL 31389, at *2 (1982). "Skills are not gained by doing unskilled jobs." Id. "Transferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." Id. "Neither an occupational title by itself nor a skeleton description is sufficient" to determine what skills a claimant acquired at a particular job. Id. at *4; see also 20 C.F.R. § 404.1568. "Transferability refers to acquired work skills, not to aptitudes and

7

attributes that are more properly characterized as qualities necessary and useful in nearly all jobs." *Frey v. Bowen*, 816 F.2d 508, 517-18 (10th Cir. 1987). Aptitudes and traits are only relevant to a finding of disability if they have been used "in connection with a work activity." SSR 82-41, 1982 WL 31389, at *3. "It is the acquired capacity to perform the work activities with facility (rather than the traits themselves) that gives rise to potentially transferable skills." *Id*.

In *Ogle v. Barnhart*, 123 F. App'x 361, 363 (10th Cir. 2005), the court held that the plaintiff's statements that she worked "on the boxing machine" and "filling orders" and that she "[t]ook orders from customers by computer or by hand" were insufficient to establish the transferable skill of "computer operations." The court also held that the plaintiff's statement that she owned a dog grooming business and "kept daily and tax records" insufficient to establish the skill of "record keeping." *Id*. The court did not consider these "skeleton descriptions" as substantial evidence in support of claimant's acquisition of skills. *Id*. The court further held that, "because the record does not contain a description of the work she performed, it is unclear whether [claimant's] past work in customer service qualifies as a skill." *Id*. The court remanded the matter to the ALJ to "evaluat[e] the work [the plaintiff] did in the area of customer service" and "determine if she acquired actual skills, and if so, whether they are transferable." *Id*. at 363-64.

Likewise, in *Draegert v. Barnhart*, 311 F.3d 468, 476 (2d Cir. 2002), the Second Circuit reversed the ALJ's denial of benefits where the ALJ failed to link the claimant's generalized abilities–such as the ability to "learn and apply rules and procedures, which

8

are sometimes hard to understand" and the ability to "use reason and judgment in dealing with all kinds of people"–to "any particular tasks" performed in his past relevant work. The Second Circuit rejected the district court's attempt to link these abilities to specific tasks because "these efforts . . . fell well short of providing any indication that, as enhanced by his prior work, those abilities were transferable to the only specific jobs that the ALJ found [the claimant] had the residual functional capacity to perform." *Id.*; *see also Dikeman v. Halter*, 245 F.3d 1182, 1186-88 (10th Cir. 2001) (failure to make specific findings regarding claimant's transferable skills was not harmless error where ALJ's denial of benefits was based on determination that claimant could perform job of semiskilled cashier based on her past work as a "cashier/checker," but record lacked evidence "as to what plaintiff's duties were as a grocery store checker" and DOT listed both unskilled and semi-skilled cashier positions).

When a VE "provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that . . . evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4 (2000); *see also Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (remanding case four years after the hearing so that ALJ could resolve apparent conflict between VE's testimony and the DOT).

Under the Medical Vocational Guidelines, often referred to as "grids," a claimant between the ages of fifty and fifty-four with no transferable skills is necessarily considered disabled, while a claimant of the same age with transferable skills is not. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.14, 201.15.

Plaintiff argues that the ALJ lacked a substantial evidentiary basis for concluding

that she acquired skills in her past work as a convenience store manager that would transfer to the jobs of telephone solicitor or front desk receptionist. Docket No. 21 at 14-18. The Commissioner responds that plaintiff's statements on her Disability Report and her prior employment as a convenience store clerk constitute substantial evidence in support of the ALJ's determination. Docket No. 23 at 19-22.

      Crucial to the ALJ's determination was his finding that plaintiff would be able to use the transferable skill of "leading and influencing customer decisions" in the positions of telephone solicitor and front desk receptionist. R. at 35. However, the record lacks substantial evidence that plaintiff acquired this skill. The Disability Report indicates that, as a waitress, plaintiff took orders from and served food to customers. R. at 202-03. The ALJ did not solicit testimony or written materials offering a more detailed description of plaintiff's responsibilities as a waitress or the kinds of situations with which she dealt. Her description of her duties as a "supervisor/cashier" at a convenience store does not describe or mention leading or influencing customer decisions. *See* R. at 201, 205. The ALJ did not solicit information about plaintiff's duties as a convenience store clerk and thus there is no evidence regarding the nature of that position. R. at 193. Moreover, plaintiff stated that her only experience interacting with customers occurred in the context of her employment as a waitress. R. at 93. Thus, the only evidence in the record supporting a conclusion that plaintiff acquired the skill of leading and influencing customers was the VE's testimony. This testimony appears to have been based on the notion that any waitress or store clerk has to contend with customer complaints and will thereby gain skills in managing and diffusing conflict. R. at 89. Yet the Social Security Rulings clearly state that "[j]ob titles,

in themselves, are not determinative of skill level." See SSR 82-41, 1982 WL 31389, at *4.

As in *Ogle* and *Draegert*, the titles of plaintiff's past jobs and her bare descriptions of the tasks she performed are insufficient to establish that she acquired the transferable skill of leading and influencing customer decisions, necessary to performing the jobs of telephone solicitor and front desk receptionist. See 123 F. App'x at 363; 311 F.3d at 476-77. The Court will remand the case so that, "after evaluating the work [plaintiff] did" in her past relevant positions, the ALJ may "determine if she acquired actual skills, and if so, whether they are transferable." See *Ogle*, 123 F. App'x at 363-64.

## III. CONCLUSION

In light of the Court's holding that the ALJ erred at step five of the analysis, the Court will not consider plaintiff's remaining arguments; plaintiff may raise them before the Commissioner on remand. See Docket No. 21 at 21-30; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). The Court will add, however, that, in addition to the question of plaintiff's transferable skills, the ALJ should address on remand the inconsistency between his finding at step three that plaintiff has moderate difficulties with regard to concentration, persistence, or pace, R. at 29, and his failure to discuss this limitation in formulating plaintiff's RFC. See R. at 31-34; *see also Frantz v. Astrue*, 509 F.3d 1299, 1303 n.3 (10th Cir. 2007) ("Interestingly, the ALJ did find that Ms. Frantz has 'moderate difficulties in maintaining social functioning' and 'moderate difficulties in concentration, persistence and pace' when he considered whether her

impairments met a listing at step three. He did not, however, include these moderate limitations in his later RFC determination, an inconsistency that should be addressed on remand.") (internal citation omitted). Wherefore, it is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED March 31, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge