IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02232-PAB

PEGGY C. HARVEY,

    Plaintiff,

v.

CAROLYN W. COLVIN,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by plaintiff Peggy C. Harvey [Docket No. 31].

On August 21, 2012, plaintiff filed a Complaint [Docket No. 1] seeking review of the final decision of the Commissioner denying plaintiff's claim for disability benefits under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 401-33.  On March 31, 2014, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings consistent with the Court's opinion.  Docket No. 28.  Following remand, plaintiff was awarded past benefits in an amount of $762.00 per month. Docket No. 31 at 1, ¶ 1.  The notice of award from the Social Security Administration withheld $16,790.48 from plaintiff's benefits in anticipation of this fee request.  *Id.* ¶ 2. Plaintiff received notice of this award on August 17, 2014.  Docket No. 31-1.  On April 24, 2014, the parties submitted a notice of stipulated award of attorney's fees under the Equal Access to Justice Act ("EAJA") in which the parties agreed that plaintiff would

receive a $6,000 fee award. Docket No. 30 at 1. On September 9, 2014, plaintiff filed her unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b). Docket No. 31.

Plaintiff requests that, pursuant to 42 U.S.C. § 406(b), the Court grant her attorney, Chris R. Noel, $10,790.00. Docket No. 31 at 2. Plaintiff states that she entered into a contingent fee agreement with Ms. Noel wherein she agreed to pay Ms. Noel 25% of any past-due disability award granted upon the successful outcome of this action. *Id.* at 1, ¶ 3. Defendant does not oppose the relief plaintiff seeks, but notes that "in the event plaintiff was also awarded attorney fees under the EAJA, Plaintiff's attorney must refund the lesser of the two fees to Plaintiff." Docket No. 32 at 1.

Section 406(b) of Title 42 of the United States Code provides, in pertinent part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

Despite a contingent fee agreement, courts must review the reasonableness of the fees yielded by the agreement to ensure that the attorney's recovery is based on the character of the representation and the results achieved. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Moreover, if claimant's counsel is awarded fees under both the EAJA and 42 U.S.C. § 406(b)(1), counsel must refund the smaller award to the claimant. *Id.* at 796.

In the district court litigation, Ms. Noel's billing statement states that she spent 37.5 hours representing plaintiff from May 25, 2013 to August 21, 2013. Docket No. 31-

4. Ms. Noel undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff. The Court therefore concludes that an attorney's fee of $10,790.00 is reasonable.

Wherefore, it is

**ORDERED** that plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 31] is **GRANTED**. It is further

**ORDERED** that plaintiff's counsel is awarded attorney's fees in the amount of $10,790.00.

DATED February 4, 2015.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge